**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lakina S. COOK, Defendant–Appellant.**

No. 02–5483.

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2003.

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

---

### ORDER

Lakina S. Cook appeals the sentence imposed upon her conviction for conspiracy to commit wire fraud, mail fraud, and bank fraud in violation of 18 U.S.C. § 371. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Cook pleaded guilty to the above charge on October 12, 2001, and acknowledged that, as a loan officer in 1997 and 1998, she had participated in a "property flipping scheme" designed to fraudulently obtain mortgages for more than 200 properties in amounts greatly exceeding the market value. Properties were initially bought by a "straw buyer" at the listed price and were then resold and mortgaged at an inflated price to "borrowers/buyers," who kept a portion of the mortgages as consulting fees. Mortgages were obtained from unwitting lenders based on the artificially inflated sales prices and the use of falsified leases and rent rolls. At the plea hearing, Cook confirmed that she had prepared fraudulent leases and had personally arranged three flip transactions.

In preparing the presentence investigation report (PSR), the probation officer calculated Cook's criminal history category as I and her total offense level as 20, based in part on a 13–level enhancement for the estimated $2.98 million loss to the lenders and a 2–level enhancement for Cook's leadership role in the conspiracy. See USSG §§ 2F1.1(b)(1)(N) and 3B1.1(c) (1995). The district court overruled Cook's objection to the leadership enhancement at sentencing, but granted the government's motion for a downward departure for substantial assistance, and sentenced Cook below the Guidelines sentencing range to 14 months in prison. As there were no objections to the facts within the PSR, the court found that the facts were as stated. After sentencing, counsel unsuccessfully sought leave to file a late objection to the loss enhancement.

In her timely appeal, Cook reasserts her objections to the enhancements.

This court reviews a district court's application of the Sentencing Guidelines de novo and its factual findings concerning a defendant's role in an offense for clear error. United States v. Caseslorente, 220 F.3d 727, 734 (6th Cir.2000). In determining the factual basis for the sentence, a court should consider the plea agreement stipulations, the PSR, and any other relevant information. See USSG § 6B1.4, comment.

The district court properly enhanced Cook's sentence by two levels pursuant to § 3B1.1(c) for her role as "an organizer, leader, manager, or supervisor" of a criminal activity. To determine whether a defendant was, in particular, an organizer or leader, a court should consider such factors as:

> the exercise of decision making authority, the nature of the participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.

USSG § 3B1.1, comment. (n.4). A sentence should not be enhanced under § 3B1.1(c) unless the defendant led, organized, managed, or supervised at least one other criminally culpable individual. Caseslorente, 220 F.3d at 736.

For her three personal flip transactions, Cook acted as an organizer by arranging the transaction, using an appraiser, and recruiting two straw buyers (her mother and a friend), and a *Kelly*, No. 96–2502, 1998 WL 96555, at *2 (6th Cir. Feb.25, 1998) (unpublished). The entire amount of loss may be attributed to a defendant where the co-conspirator's acts were reasonably foreseeable. *United States v. Sanders*, 95 F.3d 449, 455 (6th Cir.1996). "The appellant bears the heavy burden of persuading the reviewing court that 'the evaluation of the loss was not only inaccurate, but was outside the realm of permissible computations.'" *United States v. Logan*, 250 F.3d 350, 370 (6th Cir.2001) (quoting *United States v. Jackson*, 25 F.3d 327, 330 (6th Cir.1994)).

Review of the PSR supports application of the 13–level enhancement. Based on the definition of relevant conduct, the amount of loss properly attributable to Cook would include not only losses from the three flip transactions Cook personally conducted but also the losses from the reasonably foreseeable acts of her co-conspirator, Aaron Perkins. Perkins's fraudulent loans were reasonably foreseeable to Cook because most of EFM's business came from American Realty and she handled Perkins's accounts exclusively. Moreover, Cook failed to produce any evidence that she was not involved in any specific loan attributed to Perkins.

Accordingly, the district court's judgment is affirmed.